APR - 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 336 | **DATE** | March 20, 2008 |
| **CASE TITLE** | Blake Schael (#L-81499) v. Witherspoon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Blake Schael's motion to proceed *in forma pauperis* [3] is granted. The court authorizes Lake County Jail officials to deduct $4.50 from plaintiff's account as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the supervisor of inmate trust fund accounts at the Lake County Jail. The clerk is directed to issue summonses for the defendants Nurse Mary Jo and Dr. Singh, and the United States Marshals Service is appointed to serve these defendants. The claims against Jennifer Witherspoon, Lt. Mercado, Patrick Firman, Anthony Ward, Nurse Scott, and Nurse David Padilla are dismissed, and these defendants are terminated as parties to this suit. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order.

■ [For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Plaintiff, Blake Schael (#L-81499), an inmate at the Lake County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants, Jennifer Witherspoon, Lt. Mercado, Patrick Firman, Anthony Ward, Nurse Scott, Nurse David Padilla, Nurse Mary Jo, and Dr. Singh, acted with deliberate indifference to plaintiff's serious medical need.

The Court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $4.50. The supervisor of inmate trust accounts at the Lake County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and the Lake County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

| | isk |
|---|---|

Case 1:08-cv-00336    Document 6    Filed 03/20/2008    Page 2 of 2

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of an inmates complaints against governmental entities or employees. Here, accepting plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Nurse Mary Jo and Dr. Singh. While a more fully developed record may belie the plaintiff's claims, defendants Mary Jo and Dr. Singh must respond to the allegations in the complaint.

However, even accepting the allegations in the complaint as true, the complaint does not state claims against the other defendants, Jennifer Witherspoon, Lt. Mercado, Patrick Firman, Anthony Ward, Nurse Scott, and Nurse David Padilla. *See Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir.2005); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir.1996) (a jail official must be personally involved with the constitutional tort, and the denial of a grievance, itself, does not give rise to a § 1983 action). Accordingly, the claims against these defendants are dismissed, and Jennifer Witherspoon, Lt. Mercado, Patrick Firman, Anthony Ward, Nurse Scott, and Nurse David Padilla are terminated as defendants to this suit.

The clerk shall issue summonses for service of the complaint on defendants Nurse Mary Jo and Dr. Singh. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve these defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve these defendants. With respect to any former correctional employee who no longer can be found at the work address provided by the plaintiff, officials at Lake County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff's motion for the appointment of counsel [4] is denied. The instant case, at this stage of the proceedings, involves neither complex issues nor complex discovery, and plaintiff has demonstrated his ability to adequately proceed with his case at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants or to their attorney, if an attorney has entered an appearance on their behalf. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to th plaintiff.

March 20, 2008                    ENTER:

                                /s/David H. Coar

                                David H. Coar, U.S. District Judge

Supervisor of Inmate Trust Fund Accounts
Lake - LCJ
P.O. Box 38
Waukegan IL 60086

1:08-cv-00336