UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLAKE J. SCHAEL )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>LT. JENNIFER WITHERSPOON, )<br>et al. )<br>)<br>)<br>   Defendants. ) | No.  08 C 336<br>Judge David Coar |

## MOTION TO QUASH SERVICE

  Defendants Dr. HARGURMUKH SINGH, M.D. and MARY JO COVARRUBIAS, LPN, by their attorneys, CHARYSH & SCHROEDER, LTD., for their motion to quash purported service pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure state as follows:

  1. On March 20, 2008, summons or alias summons were issued for the defendants in this matter.

  2. On March 31, 2008, purported executed returns of summons were filed alleging to show service on defendants Dr. Hargurmukh Singh, M.D. on March 27, 2008 (See Exhibit A) and Mary Jo Covarrubias LPN on March 29, 2008 (see Exhibit B).

  3.  A review of the returns of these summonses shows that they were not personally served on the defendants. Instead, each summons shows that the "Name and title of the person served" was a Lt. R. Hamm.  (see Exhibits A and B)

  4. Pursuant to Rule 4(e)(1) and Rule 4(e)(2) of the Federal Rules of Civil Procedure, service of process on individuals is only proper when it is (1) pursuant to the

law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint of the individual personally, or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion when residing therein, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

5. Pursuant to 735 ILCS 5/2-203, service upon individuals is only proper when there is personal service or abode service upon some person of the family or a person residing there over the age of 13.

6. The requirement of personal service is subject to strict construction and the Seventh Circuit has held that the liberal construction of the rules of service of process cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991); citing United States v. Mollenhauer Laboratories, Inc., 267 F.2d 260 (7th Cir. 1959)

7. Nothing in the Federal Rules of Civil Procedure, the United States Code Annotated, or Illinois law allows for service of process by serving an unidentified Lieutenant, presumably at defendant's place of employment or former place of employment. In this case, service is patently insufficient pursuant to Rule 4 of the Rules of Civil Procedure, and therefore pursuant to Rule 12(b)(5) defendant's motion to quash for insufficient service should be granted.

WHEREFORE, defendants Dr. HARGURMUKH SINGH, M.D. and MARY JO COVARRUBIAS LPN respectfully request this Honorable Court enter an order quashing

the purported service on them pursuant to Rule 12(b)(5) of the Federal Rules of Civil

Procedure, and grant such other and further relief as the court deems just and proper.


                                                         CHARYSH & SCHROEDER, LTD.


                                                          /s/Richard A. Tjepkema_____










CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on April 23, 2008.

By:  s/ Richard A. Tjepkema
Attorney for Defendants

SERVICE LIST:
Blake J. Schael
L-81499
Lake – LCJ
P.O. Box 38
Waukegan, IL 60086