UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLAKE J. SCHAEL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LT. JENNIFER WITHERSPOON, )<br>et al. )<br>)<br>)<br>Defendants. ) | No.  08 C 336<br>Judge David Coar |

**DEFENDANT DR. HARGURMUKH SINGH'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Defendant DR. HARGURMUKH SINGH, by his attorneys, CHARYSH & SCHROEDER, LTD., for his motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure states as follows:

1.  Plaintiff's complaint is brought against defendants alleging a constitutional violation based upon a single incident.

2.  Plaintiff claims he was provided the wrong medication by Nurse Mary Jo on December 24, 2007.

3.  Plaintiff claims Nurse Mary Jo told him that Dr. Singh had ordered some kind of new medication the day before.

4.  Plaintiff later asked another nurse what the new medication was and was told that Dr. Singh had not made any changes to his medication.

4.  It is clear that in order to state a Section 1983 claim regarding inadequate medical care, the inmate must allege facts evidencing a deliberate indifference to serious medical needs.  **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

5. Allegations of mere negligence or inadvertence in the diagnosis or treatment of the medical condition will not suffice. **Id.** at 105-106.

6. When ruling on a motion to dismiss, the court must consider whether relief is possible under any set of facts consistent with the allegations of plaintiff's complaint. **Pokuta v. TransWorld Airlines**, 191 F.3d 834, 839 (7th Cir. 1999).

7. However, the court need not strain to find inferences favorable to the plaintiff, which are not apparent on the face of the complaint. **Coates v. Illinois State Board of Education**, 559 F.2d 445, 447 (7th Cir. 1977).

8. Deliberate indifference requires that the defendant either intended to harm the plaintiff or knew of the risk of harm so significant that an intent to harm could be inferred from a refusal to provide medical care. **Smith-Bey v. Hospital Administrator**, 841 F.2d 751, 759 (7th Cir. 1988). In this case, the plaintiff simply does not allege deliberate indifference with regard to this defendant.

9. It is clear that alleged inadequate medical treatment due to negligence or inadvertence does not rise to the level of a Constitutional violation. **Hughes v. Joliet Correctional Center**, 931 F.2d 425, 429 (7th Cir. 1991).

10. It is not clear what plaintiff is alleging Dr. Singh did or did not do which allegedly violated plaintiff's constitutional rights.

11. If plaintiff's claim is that Dr. Singh, in fact, did change his medication for one dose on December 24, 2007, which apparently was then discontinued, there is no constitutional violation.

12. Alternatively, if plaintiff claims that Dr. Singh did not change his medication and Nurse Mary Jo simply made a mistake in distributing his medication, then

there is no constitutional violation as Dr. Singh would have had no involvement in plaintiff's alleged violation.

13. In the end, plaintiff's only complaint is that on one occasion he was provided what he claims was the wrong medication. Plaintiff does not allege that this was some sort of pattern or that he was provided the wrong medication on more than one occasion. Assuming plaintiff did receive the wrong medication on December 24, 2007, he still has not stated a claim for deliberate indifference.

14. In 2002, Judge Reinhardt, of this District, was faced with a complaint with similar factual allegations of a nurse inadvertently providing one inmate another inmate's medication on one occasion. In that case, Judge Reinhart dismissed the complaint finding allegations that a nurse providing another inmate's medication to a plaintiff on one occasion did not meet the level of deliberate indifference. (See **Krowley v. Meyers**, 2002 WL 31180743 (N.D. 2002), a copy of which is attached hereto as Exhibit A.)

15. Plaintiff's entire complaint arises out of his allegation that he received the wrong medication on one single occasion. Inadvertently providing an inmate with the wrong medication simply cannot be the basis for a claim based upon deliberate indifference. As such, plaintiff's complaint should be dismissed.

WHEREFORE, defendant, DR. HARGURMUKH SINGH, respectfully requests this Honorable Court grant his motion to dismiss and enter an order dismissing him from this action and grant such other, further relief as the court deems just and proper.

                                                     CHARYSH & SCHROEDER, LTD.

                                                     /s/Richard A. Tjepkema

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on June 11, 2008.

By: s/ Richard A. Tjepkema
Attorney for Defendants

SERVICE LIST:
Blake J. Schael
R68315
4017 E. 2603 Road
Sheridan, IL 60551