UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE J. SCHAEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 C 336 |
| | ) | Judge David Coar |
| LT. JENNIFER WITHERSPOON, | ) | |
| et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MARY JO COVARRUBIAS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant MARY JO COVARRUBIAS, LPN, by her attorneys, CHARYSH &

SCHROEDER, LTD., for her motion to dismiss pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure states as follows:

1.      Plaintiff's complaint is brought against defendants alleging a

constitutional violation based upon a single incident.

2.      The only allegations of any purported wrongdoing on the part of this

defendant are that on December 24, 2007, she provided certain medication to the

plaintiff.  Plaintiff alleges that he was given the wrong medication.

3.      There are no other allegations against this defendant.

4.      It is clear that in order to state a Section 1983 claim regarding inadequate

medical care, the inmate must allege facts evidencing a deliberate indifference to serious

medical needs.  **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

5.      Allegations of mere negligence or inadvertence in the diagnosis or

treatment of the medical condition will not suffice.  **Id.** at 105-106.

6.      When ruling on a motion to dismiss, the court must consider whether relief is possible under any set of facts consistent with the allegations of plaintiff's complaint. **Pokuta v. TransWorld Airlines**, 191 F.3d 834, 839 (7th Cir. 1999).

7.      However, the court need not strain to find inferences favorable to the plaintiff, which are not apparent on the face of the complaint. **Coates v. Illinois State Board of Education**, 559 F.2d 445, 447 (7th Cir. 1977).

8.      The only allegation against this defendant in the plaintiff's complaint is that on December 24, 2007, she gave him the wrong medication.

9.      The plaintiff does not allege that Covarrubias (Nurse Mary Jo) intentionally gave him the wrong medication or did so with knowledge that it would cause him harm. In fact, he alleges he asked her about it and was told that Dr. Singh changed his prescription.

10.     Deliberate indifference requires that the defendant either intended to harm the plaintiff or knew of a risk of harm so significant that an intent to harm could be inferred from a refusal to provide medical care. **Smith-Bey v. Hospital Administrator**, 841 F.2d 751, 759 (7th Cir. 1988). In this case, the plaintiff simply does not allege deliberate indifference with regard to this defendant. At most, if the plaintiff was provided what he claims was the wrong medication on one distinct occasion by this defendant, it would amount to no more than negligence or inadvertence.

11.     It is clear that alleged inadequate medical treatment due to negligence or inadvertence does not rise to the level of a Constitutional violation. **Hughes v. Joliet Correctional Center**, 931 F.2d 425, 429 (7th Cir. 1991).

12.    In 2002, Judge Reinhardt, of this District, was faced with a complaint with nearly identical allegations of a nurse inadvertently providing one inmate another inmate's medication on one occasion.  In that case, Judge Reinhart dismissed the complaint finding allegations that a nurse providing another inmate's medication to a plaintiff on one occasion did not meet the level of deliberate indifference.  (See **Krowley v. Meyers**, 2002 WL 31180743 (N.D. 2002), a copy of which is attached hereto as Exhibit A.)

13.    The same is true here.  The plaintiff's allegation that this defendant may have inadvertently provided him the wrong medication on one occasion does not show deliberate indifference.  The motion should be granted, and this defendant should be dismissed from this action.

WHEREFORE, defendant, MARY JO COVARRUBIAS, LPN, respectfully requests this Honorable Court grant her motion to dismiss and enter an order dismissing her from this action and grant such other, further relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.


  /s/Richard A. Tjepkema_____



CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on June 11, 2008.

By:  s/ Richard A. Tjepkema
Attorney for Defendants

SERVICE LIST:
Blake J. Schael
L-81499
Lake – LCJ
P.O. Box 38
Waukegan, IL 60086